UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

RENEE WILLIAMS,

Plaintiff,

-against-

COMMISSIONER ROBERTA REARDON; DEPUTY COMMISSIONER SCOTT MELVIN,

Defendants.

26-CV-6762 (KMW)

ORDER OF DISMISSAL

KIMBA M. WOOD, United States District Judge:

Plaintiff, a resident of Queens County, is appearing *pro se*. By Order dated August 10, 2026, ECF No. 6, the Court granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. For the reasons set forth below, the Court dismisses the complaint.

**STANDARD OF REVIEW**

The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint if the Court lacks subject matter jurisdiction over the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *see also Denton v. Hernandez*, 504 U.S. 25, 32-33 (1992) (holding that "finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is

'frivolous' when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)).

Although the law mandates dismissal on any of these grounds, the Court is obligated to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and to interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (per curiam) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" courts provide to *pro se* litigants, *id.* at 475 (citation omitted), has its limits –- to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief. Fed. R. Civ. P. 8(a)(2).

## BACKGROUND

The following allegations are drawn from the complaint.[1] Plaintiff brings this action against Defendants New York State Department of Labor ("DOL") Commissioner Roberta Reardon, and Executive Deputy Commissioner Scott Melvin. Plaintiff asserts claims under 18 U.S.C. § 2242, based on "sexual abuse," and claims under 18 U.S.C. § 2241, based on "aggravated sexual abuse involving force, threats, incapacitation, isolations, psychological coercion, street harassment, electronic rapes, electronic assaults, [and] covert harassment." (ECF 1 at 2.)

Plaintiff contends that her claims have arisen during a 26-year period, from 2000 to the present. Plaintiff states that she dated a man whose aunt, Cynthia Gibbs, worked at the Human

[1] The Court quotes from the complaint verbatim. All spelling, grammar, and punctuation appear as in the original complaint unless noted otherwise.

Resources Administration ("HRA") office in Queens, Long Island City. (*Id.* at 5.) Plaintiff states that she needed to provide a letter to the Department of Homeless Shelter Services in order to receive $245.00 every two weeks. (*Id.*)

Plaintiff has been targeted by conspiracies, including pressure to marry, which she refused to do. (*Id.*) She has been victimized by "veterans technology" used remotely. (*Id.*) During a difficult period, Plaintiff hit Joseph Steven Gibbs Jr. in his eye. (*Id.* at 6.) Plaintiff states that she was raped and had a baby, who was later removed from her custody by ACS. (*Id.*) Plaintiff was stalked "within community of Chanel Clemens." (*Id.*) She states that there is "fake/fraud information on HRA/DOL records," as she is not "Asia[n]" and not from Alaska. (*Id.*) Plaintiff alleges being drugged and raped by "AI smart sex toys" while "street homeless" (*id.*), and she has been subjected to "cyber dildonce–sexual terrorism" (*id.* at 2).

Plaintiff seeks remedies for "teeth damage" allegedly caused by assaults while she was sleeping. (*Id.*) She also seeks a permanent injunction against exploitation and a restraining order against Defendants.

## DISCUSSION

### A. Prosecution of Criminal Claims

To the extent that Plaintiff seeks criminal prosecution of the Defendants, her claim must be denied.. Plaintiff cannot initiate the arrest and prosecution of an individual in federal court because "the decision to prosecute is solely within the discretion of the prosecutor." *Leeke v. Timmerman*, 454 U.S. 83, 87 (1981). Neither Plaintiff nor the Court can direct prosecuting attorneys to initiate a criminal proceeding against Defendants, because prosecutors possess discretionary authority to bring criminal actions, and they are "immune from control or interference by citizen or court." *Conn. Action Now, Inc. v. Roberts Plating Co.*, 457 F.2d 81, 87

(2d Cir. 1972); *Linda R.S. v. Richard D.*, 410 U.S. 614, 619 (1973) ("A citizen lacks standing to contest the policies of the prosecuting authority when he himself is neither prosecuted nor threatened with prosecution."). The Court dismisses Plaintiff's claims under federal criminal statutes for lack of standing.

**B. Frivolous Claims**

Under the IFP statute, a court must dismiss an action if it determines that the action is frivolous or malicious. 28 U.S.C. § 1915(e)(2)(B)(i). A claim is frivolous when it "lacks an arguable basis either in law or in fact." *Neitzke*, 490 U.S. at 324-25; *see also Denton*, 504 U.S. at 32-33 (holding that "a finding of factual frivolousness is appropriate when the facts alleged rise to the level of the irrational or the wholly incredible"); *Livingston*, 141 F.3d at 437 ("[A]n action is frivolous when either: (1) the factual contentions are clearly baseless . . . ; or (2) the claim is based on an indisputably meritless legal theory." (internal quotation marks and citation omitted)); *Gallop v. Cheney*, 642 F.3d 364, 368 (2d Cir. 2011).

Even when read with the "special solicitude" due to *pro se* pleadings, *Triestman*, 470 F.3d at 474-75, Plaintiff's complaint lacks an arguable basis either in fact or in law. *See Neitzke*, 490 U.S. at 324-35. Plaintiff does not make any allegations about anything the named Defendants did or failed to do that violated her rights. The allegations that Plaintiff does make do not suggest any basis or legal theory on which she may proceed against Defendants. *See Denton*, 504 U.S. at 33; *Livingston*, 141 F.3d at 437. The Court therefore dismisses Plaintiff's remaining claims as frivolous. *See* 28 U.S.C. § 1915(e)(2)(B)(i).[2]

---

[2] If Plaintiff has been the victim of criminal activity, this can be reported to law enforcement or prosecutors.

**C. Leave to Amend is Denied**

Generally, a court should not dismiss a *pro se* complaint without "granting leave to amend at least once when a liberal reading of the complaint gives any indication that a valid claim might be stated." *Dolan v. Connolly*, 794 F.3d 290, 295 (2d Cir. 2015) (quoting *Chavis v. Chappius*, 618 F.3d 162, 170 (2d Cir. 2010)). A court, however, has the inherent power to dismiss without leave to amend or replead where the claim pleaded is frivolous or where amendment would otherwise be futile. *Hill v. Curcione*, 657 F.3d 116, 123 (2d Cir. 2011); *Lucente v. Int'l Bus. Machs. Corp.*, 310 F.3d 243, 258 (2d Cir. 2002); *see also Shapiro v. McManus*, 577 U.S. 39, 45-46 (2015) (holding that federal question jurisdiction is lacking where the claims are "wholly insubstantial and frivolous," "essentially fictitious," or "obviously without merit" (internal quotation marks and citations omitted)).

Plaintiff's complaint does not suggest that she could provide facts in an amendment that would cure the identified deficiencies. *See Gallop*, 642 F.3d at 369 (holding district court did not err in dismissing claim with prejudice in absence of any indication plaintiff could or would provide additional allegations leading to different result). Accordingly, the Court declines to grant Plaintiff leave to amend.

**D. Warning**

Plaintiff has already filed several complaints that have been dismissed as frivolous. *See*, *e.g.*, *Williams v. Collins*, No. 26-CV-6482 (GBD) (S.D.N.Y. Aug. 5, 2026) (dismissing claims under federal criminal statutes for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and dismissing remaining claims as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i)); *Williams v. Central Intelligence Agency*, No. 26-CV-4347 (KMW) (S.D.N.Y. July 28, 2026) (dismissing complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(i)-(iii)).

The Court warns Plaintiff that further vexatious or frivolous litigation in this court may result in an order barring Plaintiff from filing new actions *in forma pauperis* unless she receives prior permission from the court to file a new action. *See* 28 U.S.C. § 1651.

## CONCLUSION

The Court dismisses Plaintiff's claims under federal criminal statutes for lack of subject matter jurisdiction, *see* Fed. R. Civ. P. 12(h)(3), and dismisses the remaining claims as frivolous, *see* 28 U.S.C. § 1915(e)(2)(B)(i).

The Court certifies under 28 U.S.C. § 1915(a)(3) that any appeal from this Order would not be taken in good faith, and therefore IFP status is denied for the purpose of an appeal. *See Coppedge v. United States*, 369 U.S. 438, 444-45 (1962).

The Court directs the Clerk of Court to terminate all pending motions and enter judgment in this action.

SO ORDERED.

Dated: August 13, 2026
New York, New York

/s/ Kimba M. Wood

KIMBA M. WOOD
United States District Judge